**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 1:18-CV-10548 (GAT) |
| **Plaintiff,** | |
| **v.** | |
| **JASJIT GOTRA**, *et al.*, | |
| **Defendants.** | |

**OPPOSITION TO DEFENDANT GOTRA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

Defendant Jasjit Gotra's contention that this Court lacks personal jurisdiction over him is fatally flawed, because it rests on the misapprehension that the question turns on his contacts with Massachusetts. However, the FTC Act, 15 U.S.C. § 53(b), authorizes **nationwide service of process**, and contacts with Massachusetts are therefore irrelevant. *See, e.g.*, *FTC v. Mallett*, 818 F. Supp. 2d 142, 147 (D.D.C. 2011) ("Where, as here, the court exercises personal jurisdiction by virtue of a federal statute authorizing nationwide service of process, the requirement of minimum contacts with a forum state is inapplicable and instead **minimum contacts with the United States suffice**.") (emphasis added).

And venue is proper under the FTC Act, 15 U.S.C. §53(b), because the defendants transacted business here. Venue is also proper under the FTC Act's permissive joinder provision, which authorizes a court, to add other parties "without regard to whether venue is otherwise proper in the district in which the suit is brought." 15 U.S.C. §53(b). Finally, venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events at issue—illegal calls and credit inquiries—targeted residents of this district.

Venue is also particularly appropriate in this Court because both Defendant Alliance Security Inc. ("Alliance") and Defendant Gotra are "subject of a consent order issued by this

court." *FTC v. Navestad*, No. 09-cv-6329, 2010 WL 743899, at \*3 (W.D.N.Y. Feb. 25, 2010)

(denying motion to transfer venue).

## BACKGROUND

Gotra's Motion to Dismiss admits that he resides in Rhode Island.[1] It is uncontested that

Gotra "is the founder, chief executive officer, and majority owner of Alliance," that Alliance "is

a seller and telemarketer," and that "in connection with the matters alleged by Plaintiff,

[Alliance] transacts or has transacted business in this district and throughout the United States.[2]"

In 2014, the United States Department of Justice, on behalf of Plaintiff Federal Trade

Commission ("FTC"), sued Gotra and Alliance in this Court for violating the Telemarketing

Sales Rule. Gotra and Alliance consented to a Stipulated Final Order to resolve that case, which

Gotra signed on behalf of himself and Alliance.

Since the entry of the 2014 Order, Alliance and its out-out-state telemarketers have

continued illegal telemarketing practices that have targeted more than 29,000 consumers who

reside in this district. Alliance and its telemarketers have also illegally obtained more than 5,068

consumer credit reports for Massachusetts consumers.[3]

The FTC's Preliminary Injunction motion also shows that Gotra directed Alliance's

corporate affairs, including signing contracts on behalf of Alliance, terminating lead generators,[4]

personally communicating with consumers who complained about unlawful telemarketing calls,[5]

---

[1] *See* ECF 33 at 1, ¶ 2; ECF 34 at 2. *See also* ECF 9-1 at 13, ¶ 9 (Declaration of FTC Investigator Darren Wright) and Attachment B thereto (filed as ECF 9-3).

[2] ECF 23 at 4, ¶¶ 17-18 (Alliance Answer).

[3] *See* ECF 31-1 (Third Declaration of Darren Wright) at ¶¶ 3-6.

[4] *See* ECF 8-22 (Ex. 22, Crins, Tr. 70:11-13 at FTC-0000226).

[5] *See* ECF 9-1 (Wright Dec. ¶ 20) and ECF 9-10 (Att. I at FTC-0000598 and FTC-0000621).

directing an Alliance telemarketer to purchase data lists from Alliance's lead generator (Justin

Ramsey), and arranging for Alliance to pay for the data lists instead of the telemarketer.[6]

## ARGUMENT

**I.     PERSONAL JURISDICTION IS PROPER UNDER THE FTC ACT AND THE DUE PROCESS CLAUSE**

Numerous FTC cases summarize the relevant issues and legal standards for personal

jurisdiction where the FTC seeks injunctive relief pursuant to Section 13(b) of the FTC Act, 15

U.S.C. § 53(b), under which this Court has personal jurisdiction over any defendant—like Gotra,

a Rhode Island resident—who has minimum contacts with the United States:

> The FTCA provides that in any suit under this section, process may be served on any person, partnership, or corporation wherever it may be found. This language permits nationwide service of process. When nationwide service is authorized by federal law, the relevant question for purposes of personal jurisdiction becomes whether the defendant has minimum contacts with the United States.

*FTC v. Construct Data Publishers*, No. 13-CV-01999, 2014 WL 7004999, at *3 (N.D. Ill. Dec.

11, 2014) (finding personal jurisdiction existed over foreign individual defendants based on

ownership and direction of companies marketing within the United States) (citations omitted);

*see also, e.g.*, *Mallett*, 818 F. Supp. 2d at 147 (personal jurisdiction existed because defendant

"resides in the United States and has actively solicited business in the United States"); *FTC v.*

*Alternatel, Inc.*, No. 08-cv-21433, 2008 WL 11333090, at *1 (S.D. Fla. Oct. 27, 2008); *FTC v.*

*Cleverlink Trading Ltd.*, No. 05 C 2889, 2006 WL 1735276, at *3 (N.D. Ill. June 19, 2006); *FTC*

*v. Seismic Entm't Prods., Inc.*, No. Civ. 04–377–JD, 2005 WL 2319944, at *1 (D.N.H. Sept. 22,

2005); *FTC v. Bay Area Bus. Council, Inc.*, No. 05 C 2889, 2003 WL 21003711, *2 (N.D. Ill.

May 1, 2003).

---

[6] *See* ECF 9-1 (Wright Dec. ¶ 45) and ECF 9-21 (Att. T at FTC-0000759).

The applicable statutory provision authorizing service of process on Gotra is the statute cited as the basis for jurisdiction in paragraph 10 of the FTC's complaint: Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).[7] Section 13(b) states in relevant part: "In any suit under this section, process may be served on any person, partnership, or corporation *wherever it may be found*." *Id.* (emphasis added). Courts consistently hold that "this language permits nationwide service of process." *Construct Data Publishers*, 2014 WL 7004999, at *3 (collecting cases); *Seismic Entm't Prods., Inc.*, 2005 WL 2319944, at *1.[8]

"When the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States." *SEC v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997) (collecting cases and quoting *In re Application to Enforce Admin. of Subpoenas of SEC v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996)).

This means that both the statutory basis for jurisdiction and due process are satisfied where the defendant is—as Gotra admits—a United States resident. *See e.g.*, *Seismic Entm't*

---

[7] Gotra miscites this provision as 15 U.S.C. § 53(c) in his brief.

[8] Numerous courts have interpreted identical language from other statutes to authorize nationwide service of process. *See, e.g.*, *In re Lernout and Hauspie Sec. Litig.*, 337 F. Supp. 2d 298, 310 (D. Mass. 2004) (Securities and Exchange Commission Act, 15 U.S.C. § 78aa, which permits service of process on a defendant in any district "of which the defendant is an inhabitant *or wherever the defendant may be found*," authorizes nationwide service of process) (emphasis added); *see also SEC v. Carrillo*, 115 F.3d 1540, 1544 & n.4 (11th Cir. 1997) (same); *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 665 n.15 (6th Cir. 2005) (same); *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (same); *Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1486–87 (5th Cir. 1997) (same); *Peay v. Bell-South Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) (ERISA, 29 U.S.C. § 1132(e)(2), which provides that "process may be served in any other district where a defendant resides *or may be found*," authorizes nationwide service of process) (emphasis added); *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1414 (9th Cir. 1989) (Clayton Act, 15 U.S.C. § 22, which provides that "all process in [anti-trust actions] may be served in the district of which [the corporation-defendant] is an inhabitant, or *wherever it may be found*," authorizes nationwide service of process) (emphasis added).

*Prods., Inc.*, 2005 WL 2319944, at *1 (holding that the District of New Hampshire court had personal jurisdiction over the individual defendant, a Georgia resident, because the defendant had sufficient contacts with the United States); *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) ("Because the First American defendants are domestic corporations doing business in this country, the statutory basis for personal jurisdiction over these defendants is satisfied.").

This analysis comports with due process concerns as well. Under the Fifth Amendment, which is the applicable constitutional provision,[9] the relevant consideration is Gotra's aggregate contacts with the United States, which are undeniably substantial and uncontested by Gotra.

The First Circuit has explained that when a "case is premised on a federal question … the Constitution requires only that the defendant have the *requisite 'minimum contacts' with the United States*, rather than with the particular forum state (as would be required in a diversity case)." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) (emphasis added). In such cases, a court may "examine a defendant's *aggregate contacts with the nation as a whole* rather than his contacts with the forum state in conducting the Fifth Amendment analysis." *Republic of Panama*, 119 F.3d at 947 (emphasis added); *accord, e.g.*, *Pinker*, 292 F.3d at 369; *163 Pleasant St. Corp.*, 960 F.2d at 1085. Moreover, in these cases, the "'purposeful availment' prong of due process will have no application in the case of domestic defendants, who, through their choice of residence or incorporation, have purposefully directed their activities at the United States." *Republic of Panama*, 119 F.3d at 946 n.16.

---

[9] Because a federal statute confers jurisdiction in this case, the constitutional limits on the Court's jurisdiction stem from the Due Process Clause of the Fifth Amendment, not the Fourteenth Amendment. *See Republic of Panama*, 119 F.3d at 942; *Carrillo*, 115 F.3d at 1543.

Here, it is uncontested that Defendant Gotra has ample contacts with the United States to justify this Court's exercise of jurisdiction over him under the Fifth Amendment. He has admitted that he is a United States resident. He has also admitted that he owns and operates a domestic company engaged in the sale and marketing of home security systems in the United States.[10] Gotra also owns a second home security company that sells and installs home security systems in the United States.[11]

## II.   VENUE IS PROPER IN THIS DISTRICT

Gotra's motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) should likewise be denied. Venue in this district is proper under two provisions of the FTC Act's broad venue statute, contained within 15 U.S.C. §53(b)(2), as well as 28 U.S.C. §1391(b)(2). Each of these three provisions provides a sufficient basis for venue to lie with this Court.

### A.   Venue Is Proper Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b)(2), Because Defendants Transacted Business in this District

Section 13(b) of the FTC Act contains a broad venue provision. It states in relevant part that "[a]ny suit may be brought where such person, partnership, or corporation resides or *transacts business*." 15 U.S.C. § 53(b)(2) (emphasis added) [12]

Defendants Alliance and Gotra have transacted business in this district. Alliance has admitted in its Answer that it transacts business in this district. Gotra does not deny that he

---

[10] *See* ECF 34 at 3 ("As the Chief Executive Officer of Alliance, all business decisions related to Alliance took place in Rhode Island").

[11] *See* ECF 9-7 (Declaration of Ricardo Diaz at FTC-0000547) (confirming that another company, Power Home Technologies LLC, is owned by Gotra through a holding company, GFD LLC, and sells home security systems in the United States); ECF 8-20 (Declaration of Benjamin Brookhart) (same).

[12] Under Section 13(b), venue is appropriate as to a defendant if: (1) the defendant resides or transacts business in the district; (2) venue is proper under 28 U.S.C. § 1391, or (3) venue is proper as to one defendant and the interests of justice require adding another defendant as a party, irrespective of whether venue is otherwise proper. 15 U.S.C. § 53(b)(2).

transacts business in this district, and in fact, he implicitly admits it by claiming that, "Aside

from the business efforts of Alliance, I do not conduct any business personally in

Massachusetts."[13] However, it is Gotra's business efforts on behalf of Alliance, not his personal

business efforts, that are the very basis for this lawsuit. He does not deny that such business

efforts on behalf of Alliance involve activities targeting sales towards residents of

Massachusetts, nor could he do so truthfully.

Alliance and Gotra have telemarketed home security systems in *33* different states,

including Massachusetts. Defendant Gotra has not controverted the substantial evidence of his

majority ownership and control over Alliance, his direct involvement in Alliance's illegal

telemarketing, or the evidence that his company conducted illegal telemarketing of home

security systems and illegal credit checks of consumers in Massachusetts. The FTC has

established a prima facie case that Defendant Gotra has transacted business in this district.[14]

**B.      Venue Is Proper Under the "Interest of Justice" Provision of Section 13(b) of the FTC Act, 15 U.S.C. §53(b)(2)**

Venue is also proper as to Gotra under the "interests of justice" provision of Section

13(b) of the FTC Act, 15 U.S.C. § 53(b)(2):

> In addition, the court may, if the court determines that the interests of justice
> require that any other person, partnership, or corporation should be a party in
> such suit, cause such other person, partnership, or corporation to be added as a
> party without regard to whether venue is otherwise proper in the district in which
> the suit is brought.

---

[13] ECF 34 at 2, ¶ 6 (emphasis added).

[14] Without an evidentiary hearing on a challenge to venue, "'the plaintiff must present only a prima facie showing of venue.' Further, '[t]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits.' When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1392, 1355 (11th Cir. 1990) (citations omitted).

In 1993, Congress added this language for the express purpose of permitting the FTC to join

individuals and companies based in multiple jurisdictions in a single action, rather than filing

separate lawsuits in multiple jurisdictions:

> One of the greatest difficulties identified by the FTC in combating consumer
> fraud is its inability to sue multiple defendants in a variety of jurisdictions . . . and
> the Committee believes that the expansion of venue and service of process in the
> reported bill should assist the FTC in its overall efforts.

S. Rep. No. 103-130, at 15-16 (1993), reprinted in 1994 U.S.C.C.A.N. 1776

Defendant Gotra failed to address this provision from Section 13(b). Instead, Gotra would

require this Court to ignore that mandate and force the FTC to file separate lawsuits in Rhode

Island (Gotra), North Carolina (Power Marketing Promotions and Klink), and Florida (Defend

America and Merrick), to challenge the marketing practices of the defendants in this case. Courts

recognize Gotra's argument contradicts the language and purpose of Section 13(b). *See*

*Alternatel*, 2008 WL 11333090, at *3 ("venue is proper under § 53(b)(2)'s "interests of justice"

provision because otherwise the FTC would have to file three separate lawsuits (in Florida,

Massachusetts, and New Jersey").

It is uncontested that venue is proper in this district as to Alliance.[15] The interests of

justice, under 15 U.S.C. § 53(b), justify joining Alliance's owner (Gotra) with Alliance in this

district, for many reasons, including that Alliance and Gotra are "subject[s] of a consent order

issued by this court." *Navestad*, 2010 WL 743899, at *3 (denying motion to transfer venue where

one defendant was under a prior consent order with the court).

---

[15] Defendant Alliance has not asserted that venue is improper in this district, and by waiving its
objection, concedes that venue is proper in this district. Rather, it has sought to transfer venue
pursuant to 28 U.S.C. § 1404(a), for the alleged convenience of its unidentified witnesses. *See*
ECF 24-26. While that motion should be denied for the reasons set forth in the FTC's opposition,
*see* ECF 31, it is notably distinguishable from Gotra's argument here.

### C.      Venue Is Proper Under 28 U.S.C. § 1391(b)(2) Because a Substantial Part of the Events Giving Rise to the Claim Occurred in this District

Even if venue were not proper as to Gotra under the specific provisions of the FTC Act, venue would still be proper as to Gotra under 28 U.S.C. §1391(b)(2), which provides that venue is proper "in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In this case, "[b]ecause the defendants purposefully directed thousands of allegedly improper calls into this district, a substantial part of the events at issue occurred here." Order Denying Motion to Dismiss, Dkt. 17 at 17, *United States v. Feature Films for Families*, No. 4:11-cv-00197 (N.D. Fla. Oct. 25, 2011).[16] As the court explained in *Feature Films,* "[t]he issue is not where *most* of the events occurred or which state has the *most* substantial connection with the events; the issue is only whether *a* substantial portion of the events occurred in the forum." *Id.* (emphasis in original) (citing *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001)). In *Indymac Mortgage,* the court explained that venue does not lie only in the district that "has the most substantial contacts to the dispute; rather, it is sufficient that a substantial part of the events occurred [in the forum], even if a greater part of the events occurred elsewhere." 167 F. Supp. 2d at 237 (quoting *Kirkpatrick v. The Rays Group*, 71 F. Supp. 2d 204, 212 (W.D.N.Y. 1999)). *Cf. Dores v. One Main Fin.,* No. 1:15-cv-01609, 2016 WL 3511744, at *1 (E.D. Va. June 1, 2016), report and recommendation adopted, No. 1:15-cv-1609, 2016 WL 3538370 (E.D. Va. June 21, 2016) ("Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff resides in this district and it was here that he received the telephone calls giving rise to his cause of action."); *Haas v. PMCW,* No. 12-cv-570, 2013 WL 12116598, at *2 (S.D. Cal. Nov. 5, 2013) ("Plaintiff's [Telephone Consumer Protection Act] claims arise out of telephone calls he received" in this district, so "Venue is therefore appropriate here.").

---

[16] A copy of this Order is attached as Ex. 1, as it is unavailable on Westlaw.

Here, the FTC has set forth detailed allegations, supported by ample evidence, describing how Gotra and his company placed thousands of illegal telemarketing calls to residents of this district, often accompanied by illegal consumer credit inquiries. As noted above, since agreeing to an Order in this Court requiring compliance with the Telemarketing Sales Rule, Gotra, Alliance and their out-out-state telemarketers have continued illegal telemarketing practices that have targeted more than 29,000 consumers who reside in this district. Gotra, Alliance and their telemarketers have also illegally obtained the consumer credit reports of more than 5,068 Massachusetts consumers.[17]

## CONCLUSION

For the foregoing reasons, Plaintiff FTC respectfully requests that the Court deny Defendant Gotra's Motion to Dismiss.


Dated: May 24, 2018                          Respectfully submitted,

                                             ALDEN F. ABBOTT
                                             General Counsel


                                             Ian L. Barlow
                                             Danielle Estrada
                                             Federal Trade Commission
                                             600 Pennsylvania Avenue, NW
                                             Mailstop CC-8528
                                             Washington, DC 20580
                                             (202) 326-3120 (Barlow)
                                             (202) 326-2630 (Estrada)
                                             (202) 326-3395 (facsimile)
                                             ibarlow@ftc.gov; destrada@ftc.gov
                                             *Attorneys for Plaintiff*
                                             FEDERAL TRADE COMMISSION

---

[17] *See* ECF 31-1 (Third Declaration of Darren Wright) at ¶¶ 3-6.

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2018, I served the foregoing on counsel for Defendant Alliance Security Inc. by electronically filing the foregoing with the Clerk of the Court by using the CM/ECF system.

The other parties to this litigation are being served via email and U.S. mail as follows:

Michael Goodman, Esq.
Hudson Cook, LLP
1909 K Street NW
Washington, DC 20006
(202) 327-9704
mgoodman@hudco.com
*Attorney for Defendants Kevin Klink and Power Marketing Promotions LLC*

Jasjit Gotra
375 Shippee Rd.
East Greenwich, RI 02818
(508) 989-8450
jgotra@alliancesecurity.com
*Pro Se Defendant*

Defend America LLC
c/o Jessica Merrick
9329 Amazon Dr.
Newport Richey, FL 34655
(813) 368-5369
jessicabright0630@gmail.com
*Pro Se Defendant*

Jessica Merrick
9329 Amazon Dr.
Newport Richey, FL 34655
(813) 368-5369
jessicabright0630@gmail.com
*Pro Se Defendant*

_____
Danielle Estrada