# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               CASE NO. 4:11cv197-RH/WCS

FEATURE FILMS FOR FAMILIES, INC.
et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS OR TRANSFER

This is a civil action by the government alleging violations of the Federal Trade Commission Act ("FTC Act") and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"). The defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) for lack of venue. If the case is not dismissed, the defendants seek a discretionary transfer under 28 U.S.C. § 1404(a). This order denies the motion.

I

The defendants are an individual, Forrest Sandusky Baker, III, and three corporations: Feature Films for Families, Inc.; Corporations for Character, L.C.; and Family Films of Utah, Inc.. Mr. Baker is the owner and chief executive officer of all three corporations. According to the government, the relationship between the corporations was essentially this. Feature Films called consumers to sell them theater tickets or DVDs of various family films, including films it produced. Corporations for Character called consumers to sell Feature Films products and to solicit donations for charities. Family Films employed the personnel who supervised and directed the various solicitation activities for both Feature Films and Corporations for Character, as well as their legal personnel. Mr. Baker is a resident of Utah, all corporate offices and employees are in Utah, and both Feature Films and Corporations for Character are incorporated in Utah.

The government alleges the defendants operated as a "common business enterprise" by virtue of their interconnected business relationship in conducting three types of abusive and deceptive telemarketing campaigns: (1) to sell Feature Films DVDs under the campaign name "Kid's First;" (2) to induce purchases of theater tickets for the movie *The Velveteen Rabbit*; and (3) to solicit charitable contributions for individual fraternal orders of police ("FOPs"). The government alleges that the defendants did this by making millions of calls nationwide to

persons registered with the National Do Not Call Registry, ignoring consumers' requests to end the solicitations, and using predictive dialer technology, all in violation of the FTC Act and Telemarketing Act.

It apparently is undisputed that all of the calls originated in Utah or overseas and that most went to states other than Florida. Even so, the defendants concede that 3% of the calls placed nationwide were placed into Florida. ECF No. 9, at 9 of 27. This equates to thousands—indeed, apparently tens of thousands—of calls into Florida in connection with each scheme alleged by the government, that is, tens of thousands of alleged violations of the FTC Act and Telemarketing Act in this district.

In the "Kid's First" campaign to sell Feature Films DVDs, the government alleges the defendants called consumers nationwide and misrepresented on whose behalf they were calling and for what purpose any sales proceeds would be used. The defendants allegedly told consumers they were calling to give them two free DVDs to screen for the purposes of creating a recommended list of parent-approved movies. Then, during a follow-up call, the defendants allegedly urged the consumers to purchase additional DVDs, stating that the proceeds would go toward making the movie list. In reality, the defendants were selling Feature Films products and retained 93% of the sales proceeds. The defendants also allegedly called approximately five million people on the National Do Not Call Registry.

In the campaign to induce consumers to purchase theater tickets for *The Velveteen Rabbit*, the government alleges the defendants failed to properly identify themselves as the seller of the tickets and made over 2.5 million calls to persons on the National Do Not Call Registry.

In the campaign to induce charitable contributions, the government alleges the defendants called potential donors on behalf of one of five FOPs and misrepresented where and in what percentage contributions would go. The defendants allegedly told potential donors that all but an incidental portion of their contributions would go directly to training and equipment for police officers and funds for families and victims of disasters. In reality, the FOPs received only 15 to 33% of the donations, and only a very small percentage of the donations actually went to the uses described in the solicitations.

The defendants have moved to dismiss, arguing that venue is not proper in this district for all or at least some of the government's claims. Alternatively, the defendants ask for a discretionary transfer to the District of Utah.

II

In an action such as this one in which jurisdiction is not founded solely upon diversity, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Mr. Baker does not reside in Florida, so venue is not proper in this district under subparagraph (1). Venue plainly would be proper in Utah, even if nowhere else, so venue is not proper in this district under subparagraph (3). The issue is whether venue is proper under subparagraph (2), that is, whether a "substantial" part of the events giving rise to each "claim" occurred in this district.

A "claim" for venue purposes is a legal theory supporting relief based on a set of facts. *See Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 386-87 (S.D.N.Y. 2010); *Jones v. Trump*, 919 F. Supp. 583, 587 (D. Conn. 1996); *Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1029-30 (S.D. Fla. 1991). Thus the government's assertion that the defendants—acting under a common plan—have violated the Telemarketing Act by calling people on the Do Not Call Registry is a claim. The government's assertion that the defendants have fraudulently solicited FOP contributions is another claim. The government has alleged thousands of calls into Florida in connection with each of the claims. This is "substantial."

Congress added this language—"a substantial part of the events or omissions giving rise the claim"—to the venue statute in 1990. The language provides for venue only if "events that directly give rise to a claim" occur in the district at issue and those events "have a close nexus to the wrong." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003). Among the factors courts have

Case No. 4:11cv197-RH/WCS

considered in applying the statute are where any injuries took place, where any negotiations happened, where a contract was signed, where a breach occurred, where the parties acted, or where the parties were engaged in business. *Delong Equip. Co. v. Wash. Mills Abrasive*, 840 F.2d 843, 855-58 (11th Cir. 1988). This list is not, however, exhaustive; the factors that are important in a given case may vary according to the circumstances. In opposing a motion to dismiss for lack of venue, "plaintiffs need only make out a prima facie showing that the weight of the contacts is sufficient to establish venue . . . ." *Home Ins. Co. v. Thomas Indus. Co.*, 896 F.2d 1352, 1357 (11th Cir. 1990) (citing *Delong*, 840 F.2d at 845).

Perhaps most importantly in this case, the substantiality requirement is not a quantitative test. The issue is not where *most* of the events occurred or which state has the *most* substantial connection with the events; the issue is only whether *a* substantial portion of the events occurred in the forum. *See*, *e.g.*, *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) (noting that venue does not lie only in the district that "has the most substantial contacts to the dispute; rather, it is sufficient that a substantial part of the events occurred [in the forum], even if a greater part of the events occurred elsewhere") (*citing Kirkpatrick v. The Rays Group*, 71 F. Supp. 2d 204, 212 (W.D.N.Y. 1999)).

Here the defendants' calls originated in Utah, and a large majority went to states other than Florida. But thousands of calls into Florida are more than enough

to be "substantial," even if more calls went to other states. And this is not a case where a plaintiff has attempted to place venue based on events having only a tangential relationship to a claim; instead, the calls were the central piece of the challenged conduct and directly gave rise to the claims. Because the defendants purposefully directed thousands of allegedly improper calls into this district, a substantial part of the events at issue occurred here.

The defendants say, though, that they placed the FOP solicitation calls under contracts with five different FOPs, only one of which is in Florida. The defendants say the government thus has asserted five separate claims arising from the FOP calls. If these were indeed separate claims, venue would be improper for four of the five claims, thus calling into question venue over the entire action, *see Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984); *Neizil v. Williams*, 543 F. Supp. 899, 904 (M.D. Fla. 1982) ("In a case involving multiple claims, venue must be proper for each claim."); *see also* 14D Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 3808 (3d ed. 2011), or at least presenting the issue of whether the four claims could remain here based on pendent venue, *see* 14D Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction* § 3808 (3d ed. 2011); *see also Hsin Ten Enters. USA Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 463 (S.D.N.Y. 2000); *Bishop v. Oklahoma ex rel. Edmondson*, 447 F. Supp. 2d 1239, 1254-55 (N.D. Okla. 2006).

The defendants are wrong, though, when they say that the government has asserted multiple FOP claims. The government alleges a common plan to fraudulently solicit FOP contributions, including in Florida. For venue purposes, this is a single claim. Venue is proper in this district.

III

Even when venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have brought." 28 U.S.C. § 1404(a). This action could properly have been brought in the District of Utah where all of the defendants reside and where each campaign originated. The defendants seek transfer there.

Factors informing a court's application of § 1404(a) include relevant public and private interests. *See generally Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995); 15 Wright, Miller, & Cooper, *Federal Practice & Procedure: Jurisdiction* §§ 3847-3854 (3d ed. 2011). I conclude, as a matter of discretion, that this action ought not be transferred, at least at this time.

An important factor in assessing whether any action should be transferred is the ability to present witnesses live, rather than by deposition, and, even when witnesses can be presented live, the convenience of the witnesses. At least as

shown by this record at this stage of the litigation, this factor does not cut strongly one way or the other. The government has alleged nationwide violations. There are potential witnesses in many states. It is not yet clear which factual issues will be disputed and which witnesses will testify. At this point, one cannot predict with any level of confidence that trial in Florida will be significantly less convenient than trial in Utah. The other factors that inform the analysis, when considered individually and collectively, are not sufficient to override the plaintiff's choice of venue. *See, e.g., SME Racks, Inc., v. Sistemas Mecanicos Para Electronica*, 382 F.3d 1097, 1101 (11th Cir. 2004) (stating that, unless the balancing of public and private factors is "strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Transfer would serve the convenience of the defendants, but not enough to carry the day.

This district might not be the "best" venue for this action, but the relevant factors do not tip strongly enough to override the plaintiff's choice of venue, at least at this time. The action will not be transferred.

Case 4:11-cv-00197-RH-WCS Document 37-17 Filed 05/24/18 Page 11 of 11
Case 1:18-cv-00948-CRC Document 37-17 Filed 05/24/18 Page 11 of 11

Page 10 of 10

IV

For these reasons,

IT IS ORDERED:

The defendants' motion to dismiss or transfer, ECF. No. 9, is DENIED.

SO ORDERED on October 25, 2011.

                                      <u>Robert L. Hinkle</u>
                                      United States District Judge